**E-filed 5/31/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD, | No. C 06-4054 JF (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| SALINAS VALLEY STATE PRISON, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant habeas action was transferred to this Court from the United States District Court for the Central District of California. On April 16, 2007, the Court granted Petitioner's motion to proceed in forma pauperis and dismissed the instant petition with leave to amend because Petitioner's claims were not cognizable under § 2254. Petitioner failed to allege any violation of federal law, treaty, or the constitution in his petition.

On April 27, 2007, Petitioner filed an amended petition. The amended petition raises claims concerning Petitioner's conditions of confinement at Salinas Valley State Prison, rather than challenging the legality or duration of Petitioner's conviction or

1  sentence.  The Supreme Court has declined to address whether a challenge to a condition
2  of confinement may be brought under habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6
3  (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519
4  U.S. 918 (1996).  However, the Ninth Circuit has held that "habeas jurisdiction is absent,
5  and a § 1983 action proper, where a successful challenge to a prison condition will not
6  necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859
7  (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely"
8  accelerate the prisoner's release on parole, must be brought in a habeas petition).  The
9  preferred practice in the Ninth Circuit has been that challenges to conditions of
10 confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
11 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
12 confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
13 dismissal of habeas petition on basis that challenges to terms and conditions of
14 confinement must be brought in civil rights complaint).

15     Accordingly, the Court will dismiss the instant habeas action without prejudice
16 because Petitioner's claims do not challenge the duration or legality of his confinement or
17 sentence under § 2254.  Instead, Petitioner challenges the conditions of his confinement at
18 Salinas Valley State Prison.  Petitioner's claims should be raised in a civil rights
19 complaint pursuant to 42 U.S.C. § 1983.

20                                   **CONCLUSION**

21     The instant petition is DISMISSED without prejudice.   Petitioner may re-file his
22 claims in a new action under a civil rights complaint pursuant to 42 U.S.C. §1983 on the
23 enclosed form.  Petitioner shall include any supporting documentation of his prison
24 appeal with his new complaint as the instant case will be closed.  The Clerk shall
25 terminate any pending motions and close the file.

26     IT IS SO ORDERED.
27 DATED: __5/31/07_____
                                                    JEREMY FOGEL
28                                                  United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\hc.06\Alford054disrem        2

1  A copy of this ruling was mailed to the following:

2

3  Rickey Louis Alford
   J-39242
   CSP - Salinas Valley IV
4  P.O. Box 1060
   Soledad, CA  93960

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\hc.06\Alford054disrem                    3